536 S.E.2d 868

The STATE, Respondent,

v.

Jimmy Gary GILCHRIST, Sr., Appellant.

No. 25187.

Supreme Court of South Carolina.

Heard June 21, 2000.

Decided Aug. 21, 2000.

Rehearing Denied Sept. 21, 2000.

370

Robert T. Williams, Sr., of Williams, Hendrix, Steigner & Brink, P.A., of Lexington, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General J. Benjamin Aplin, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for respondent.

MOORE, Justice:

Appellant was convicted of voluntary manslaughter and sentenced to seventeen years' imprisonment for the fatal shooting of Thomas Wideman (Victim). We affirm.

## FACTS

Appellant admitted shooting Victim but claimed self-defense. The shooting occurred inside a club in McCormick County after a verbal confrontation in the parking lot. Sever-

al witnesses testified Victim was sitting in a parked vehicle talking with two of his sisters and another friend when appellant approached and asked Victim to move the car. When Victim's sister responded, appellant called her "ignorant." Victim and appellant then exchanged angry words. Victim and his party entered the club and appellant drove away accompanied by Ben Robertson.

A short time later, appellant and Robertson returned to the club. As last call was announced, appellant walked toward Victim and shot him. Victim fell to the floor and appellant shot him two more times. Victim died shortly thereafter. All of the State's witnesses testified Victim did not have a gun when he was shot.

Appellant, on the other hand, testified he saw a gun in Victim's hand during their verbal confrontation in the parking lot. Before going back inside the club, appellant took his gun from his truck and put it in his pocket for protection. In the club, appellant and Victim had another argument. Victim continued staring at appellant across the room and showed his gun while pointing at the door. When last call was announced, appellant approached Victim intending to tell him "we need to stop before somebody got hurt." As appellant walked toward Victim, Victim went for his gun and appellant shot him.

Over appellant's objection, Sarah Cannady testified that five minutes before the shooting, Ben Robertson told her appellant was going to kill Victim, specifically that appellant was "fixing to shoot this nigger."

## ISSUE

Was Ben Robertson's statement improperly admitted as the statement of a co-conspirator?

## DISCUSSION

Appellant objected on hearsay grounds to the admission of Ben Robertson's statement. The State argued the statement was admissible as the statement of a co-conspirator and handed the trial judge two recent indictments against Robertson for criminal conspiracy and accessory. The trial judge

found Robertson's statement admissible under Rule 801(d)(2)(E), SCRE. This was error.

■ Rule 801(d)(2)(E) provides that a statement by a co-conspirator during the course and in furtherance of the conspiracy is not hearsay. Under the Federal Rules of Evidence, this same rule has been interpreted to allow admission of a co-conspirator's statement only where there is evidence of the conspiracy *independent* of the statement sought to be admitted. *See, e.g., United States v. Asibor,* 109 F.3d 1023 (5th Cir.1997); *United States v. Clark,* 18 F.3d 1337 (6th Cir.1994); *United States v. Smith,* 893 F.2d 1573 (9th Cir.1990); *United States v. Urbanik,* 801 F.2d 692 (4th Cir.1986).[1] Here, there is no independent evidence of a conspiracy between Robertson and appellant. The fact that Robertson was *indicted* for criminal conspiracy is not sufficient in itself to establish a conspiracy since an indictment is not evidence of the crime charged. 41 Am.Jur.2d INDICTMENTS AND INFORMATIONS § 1.

■ Further, a statement by a co-conspirator must advance the conspiracy to be admissible under Rule 801(d)(2)(E). *State v. Anders,* 331 S.C. 474, 503 S.E.2d 443 (1998) (admission to crime does not qualify as statement in furtherance of conspiracy).[2] Robertson's statement did not further any conspiracy and therefore was not admissible under Rule 801(d)(2)(E).

■ Although Robertson's statement was erroneously admitted, this error is harmless in light of the fact that Sarah Cannady further testified that appellant himself said, in reference to Victim, "If I don't kill this nigger tonight he will be on

---

**1.** Before enactment of the SCRE, precedent of this Court indicates that prima facia evidence of a conspiracy was required to support the admission of a co-conspirator's statement. *State v. Sullivan,* 277 S.C. 35, 282 S.E.2d 838 (1981).

**2.** As explained in *United States v. Arias–Villanueva,* 998 F.2d 1491, 1502 (9th Cir.1993):

While mere conversation or narrative declarations are not admissible under this rule, statements made to induce enlistment, further participation, prompt further action, allay fears, or keep coconspirators abreast of an ongoing conspiracy's activities are admissible.

my list." This statement was admitted without objection[3] and, like Robertson's statement, is evidence of appellant's preexisting intent to kill Victim. Since Robertson's statement is merely cumulative, its admission is not reversible error. *State v. Williams*, 321 S.C. 455, 469 S.E.2d 49 (1996). Accordingly, the judgment of the circuit court is

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

**3.** This statement is admissible under Rule 801(d)(2)(A), SCRE, as an admission by a party opponent.