547 S.E.2d 490

The STATE, Respondent,

v.

Mark A. ELLIS, Appellant.

No. 25296.

Supreme Court of South Carolina.

Heard Feb. 20, 2001.

Decided May 29, 2001.

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S.

Creighton Waters, all of Columbia; and Solicitor J. Gregory Hembree, of Conway, for respondent.

PLEICONES, Justice:

Appellant was convicted of murder and received a life sentence without the possibility of parole (LWOP). On appeal, he raises an evidentiary issue and a sentencing issue. We find no merit to the sentencing claim, but reverse and remand for a new trial because of an error in allowing a non-expert to give an opinion.

## Facts

The victim was found in the street, near his bicycle and a knife. Appellant admitted shooting the victim three times, but contended he was acting in self-defense. He testified the victim dropped the bicycle and approached appellant in a menacing fashion holding the knife. Appellant verbally warned the victim to stop, but testified he instinctively shot when the victim jumped towards him, while holding the knife in a threatening position. The State sought to counter appellant's self-defense claim by showing that the victim was shot while riding the bike.

## Issues/Analysis

### A. "Expert" Testimony

Appellant contends the trial court erred in permitting a police officer to testify that, in his opinion, the victim was astride the bike when shot. He contends the officer was not qualified as an expert in "crime scene reconstruction," and that therefore he was not qualified to offer opinion testimony in that area. We agree, and find that the admission of this testimony, and the solicitor's emphasis on this "scientific" conclusion, unduly prejudiced appellant's self-defense claim.

Sergeant Walters was qualified as an expert in crime scene processing and fingerprint identification. As such, he was qualified to testify, as he did, to measurements taken at the scene, to the recovery of shell casings, and to the identification of blood stains. He exceeded the scope of his expertise when he was permitted, over appellant's objection, to impart

to the jury his conclusion, drawn from these measurements and observations, regarding the location of the victim and the position of his body vis-a-vis the bicycle at the time of the shooting. In effect, Sergeant Walters was allowed to give his opinion on the ultimate issue: Whether appellant was acting in self-defense when he shot and killed the victim. This was error. *See* Rule 704, SCRE; *State v. Wilkins,* 305 S.C. 272, 407 S.E.2d 670 (Ct.App.1991) (opinion may be offered on ultimate issue only where witness is otherwise qualified).

In our opinion, the error in allowing Sergeant Walters to give his opinion on the position of the victim cannot be deemed harmless in light of appellant's assertion that he was acting in self-defense. While the State was free to argue that the evidence supported an inference that the victim was astride the bicycle when shot, and while the jury could certainly have concluded that he was, Sergeant Walters was not qualified to give such an "expert" opinion. An officer's improper opinion which goes to the heart of the case is not harmless. *Fordham v. State,* 254 Ga. 59, 325 S.E.2d 755 (1985); *compare State v. Hogan,* 2000 WL 641149, 2000 Tenn. Crim.App. Lexis 393 (2000) (officer's testimony about the manner in which the shooting occurred and the position of the victim's body exceeded permissible scope of lay witness testimony).

The error in allowing Sergeant Walters to testify to matters beyond the scope of his expertise was compounded by the solicitor's closing argument. In his argument, the solicitor repeatedly referred to the "scientific" testimony of Sergeant Walters, "an expert qualified by the judge." The trial court's imprimatur of Sergeant Walters as an 'expert' was exploited by the solicitor to the prejudice of appellant and his defense. *See State v. King,* 334 S.C. 504, 514 S.E.2d 578 (1999) (defendant prejudiced where solicitor stressed improperly admitted evidence in closing argument).

We find appellant has established reversible error in the admission of Sergeant Walters' "expert opinion" reconstructing the position of the victim's body when he was shot. The effect of this error, compounded by the solicitor's repeated references to this "scientific evidence," was to impermissibly

undermine appellant's self-defense claim. This error entitles appellant to a new trial. *State v. King, supra.*

## B. Sentencing

■ The State gave notice that it was seeking to have appellant sentenced to life without the possibility of parole (LWOP) under the recidivist statute, S.C.Code Ann. § 17–25–45 (Supp.2000). Apart from the recidivist statute, appellant was subject to a LWOP sentence under the murder punishment statute, which gives the trial judge the discretion to impose a LWOP sentence upon any person convicted of murder. S.C.Code Ann. § 16–3–20(A)(Supp.2000). We agree that appellant was not eligible for sentencing under the recidivist statute.

Appellant's prior record consisted of two offenses:

(1) a 1988 juvenile adjudication of delinquency based upon a finding that he had committed voluntary manslaughter [1]; and

(2) a conviction for second-degree nonviolent burglary.

Under § 17–25–45(C), voluntary manslaughter and murder are "most serious offenses." Pursuant to § 17–25–45(G), the solicitor is required to seek a mandatory LWOP sentence for a defendant with a prior conviction for a "most serious offense" who is charged with a second such offense. Upon conviction, the judge is required to impose a LWOP sentence for the second offense. § 17–25–45(A).

■ Appellant objected to the applicability of the recidivist statute, arguing that a prior juvenile adjudication was not a conviction for purposes of the statute. We agree. The statute itself defines conviction as "any conviction, guilty plea, or plea of nolo contendere." § 17–25–45(C)(3). Since this criminal statute must be given a strict construction in favor of the defendant, and since juvenile adjudications are not among the list of qualifying events, appellant's voluntary manslaughter adjudication cannot be used to invoke the mandatory LWOP provisions of the recidivist statute. *Cf. Brown v. State,* 343 S.C. 342, 540 S.E.2d 846 (2001) (where criminal statute specifically lists covered locations, those not mentioned are excluded

---

1. Appellant was about thirteen years old at the time of this offense.

applying maxim *expressio unius est exclusio alterius* ). Further, the Children's Code specifically provides "[n]o adjudication by the [family] court of the status of a child is a conviction." S.C.Code Ann. § 20–7–7805(C) (Supp.2000).

### Conclusion

Because an unqualified witness was permitted to offer an expert opinion on the ultimate issue in this case, appellant's sentence and conviction are

REVERSED AND REMANDED.

TOAL, C.J., and MOORE and WALLER, JJ., concur.

BURNETT, J., concurs in part and dissents in part in a separate opinion.

BURNETT, Justice, (concurring in part and dissenting in part):

I agree with the Court's conclusion on the sentencing issue in Part B of the majority opinion. However, I respectfully dissent from the majority's holding in Part A.

Sergeant Walters was qualified as an expert in crime scene processing. He testified there was a bullet hole in the left pedal of the victim's bicycle. He also testified that the bullet holes in the victim's right pants leg and the ace bandage worn on that leg did not line up with the two superficial wounds in that leg unless the victim's leg had been bent when he was shot. Over appellant's objection, Sergeant Walters testified that the leg wounds, the holes in the pants and the ace bandage, and the bullet hole in the left pedal were consistent with the victim having been shot while on the bicycle.

The majority concludes Sergeant Walters was not qualified to offer his opinion on the victim's position at the time he was shot, and the admission of this testimony prejudiced appellant's self defense claim. I disagree.

First, I disagree with the majority's conclusion this testimony exceeded the scope of Sergeant Walters' expertise. Walters was qualified as an expert in "crime scene processing," which he defined as "analyzing [evidence] to see where it fits in relationship to the crime that's being investigated." Recog-

nizing that bullet holes in the victim's clothing and leg brace would only line up with the leg in a bent position was a relatively simple task within the purview of Sergeant Walters' expertise. In my opinion, the trial court did not abuse its discretion in admitting the testimony. *See State v. Von Dohlen,* 322 S.C. 234, 471 S.E.2d 689 (1996) (admission of expert testimony is within trial court's discretion).

Second, assuming for the sake of argument that the testimony did exceed the scope of Walters' expertise, I do not believe the trial court abused its discretion in admitting it. It does not take an expert to observe the way bullet holes in a victim's body can be aligned with bullet holes in his clothing. On the contrary, the conclusions to be drawn from such observations are a matter of common sense. In *State v. Sullivan,* 43 S.C. 205, 21 S.E. 4 (1895), this Court held it was error for the trial court to refuse to allow a medical expert to state his opinion as to how the victim was standing when shot. The Court noted that any person would be competent to express such an opinion: "It was not 'expert testimony' in the strict sense of the term, but a statement of a conclusion of fact, such as men who use their senses constantly draw from what they see and hear in the daily concerns of life." *Id.* at 209, 21 S.E. at 6 (quoting *Hopt v. Utah,* 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708 (1887)). In my opinion, Walters should have been allowed to render his opinion on the victim's position regardless of his status as an expert.[2]

Third, even if the testimony was improper, any error was harmless beyond a reasonable doubt. In addition to the testimony the majority finds improperly admitted, Walters testified without objection that the chest wound trajectory was consistent with the victim having been seated on the bicycle when shot and that the location of the body and bloodstains at the scene were consistent with the victim having fallen back-

---

2. *See* Rule 701, SCRE (non-expert may give opinions "which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training."). In my opinion, Sergeant Walters' opinion was rationally based on his perceptions, was helpful to a clear understanding of his testimony, as well as helpful to the determination of a fact in issue, and did not require special knowledge, skill, experience or training. *Cf. Sullivan, supra.*

182

wards off the bicycle after being shot. This evidence, along with evidence of a bullet hole in the left bicycle pedal, was all consistent with the victim having been shot while astride the bicycle. There is no reversible error when the objected-to testimony is merely cumulative to other evidence. *State v. Gilchrist*, 342 S.C. 369, 373, 536 S.E.2d 868, 870 (2000) (no reversible error where improperly admitted evidence is merely cumulative).

Finally, I wish to address the majority's interpretation of Rule 704, SCRE, concerning opinions on the ultimate issue. The majority cites Rule 704 and *State v. Wilkins*, 305 S.C. 272, 407 S.E.2d 670 (Ct.App.1991) [3] for the proposition that an opinion may be offered on the ultimate issue only where the witness is otherwise qualified. However, Rule 704 makes no mention of the witness' qualification. Rule 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Nothing in the text of Rule 704 restricts its application to experts.[4] On the contrary, the rule plainly applies to any opinion testimony and states that there is nothing inherently objectionable about opinion testimony on the ultimate issue. If, as I believe, Sergeant Walters' opinion was properly admitted either as expert or lay testimony, then the fact that his opinion embraced the ultimate issue in the case did not make it objectionable.

I would affirm appellant's murder conviction.

---

**3.** *Wilkins* was based on former Rule 24(c), SCRCrimP (deleted effective September 3, 1995).

**4.** Contrast this with former Rule 43(m)(3), SCRCP (deleted effective September 3, 1995), which only applied to expert testimony.