THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 James Arthur Norton, Appellant.
 
 
 

Appeal From Chesterfield County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2011-UP-586
 Heard December 7, 2011  Filed December
21, 2011    

AFFIRMED

 
 
 
 Assistant Appellate Defender Breen Stevens, of Columbia, for
 Appellant. 
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor William B.
 Rogers, Jr., of Bennettsville, for Respondent.
 
 
 

PER CURIAM:  James
 Arthur Norton was convicted of criminal domestic violence of a high and
 aggravated nature (CDVHAN) and assault and battery of a high and aggravated
 nature (ABHAN).  He received concurrent ten-year sentences, suspended upon the
 service of five years' imprisonment and five years' probation.  Norton appeals, arguing the trial court erred in
 permitting Captain Thomas to testify to medical observations and conclusions
 beyond the scope of his expertise.  We affirm.
1. Error in
 Admitting Testimony
We find the trial court erred
 in admitting Captain Thomas's testimony that TPI[1] appeared in the photographs without first requiring
 him to be qualified as an expert witness or to establish his firsthand
 knowledge of the facts upon which his opinion was based.  Lay witnesses are
 permitted to offer testimony in the form of opinions or inferences if the
 opinions or inferences are rationally based on the witness's perception, will
 aid the jury in understanding testimony, and do not require special knowledge. 
 Rule 701, SCRE.  Our supreme court has confirmed that "a lay witness may
 only testify as to matters within his personal knowledge and may not offer opinion
 testimony which requires special knowledge, skill, experience, or
 training."  Watson v. Ford Motor Co., 389 S.C. 434, 446, 699 S.E.2d
 169, 175 (2010) (emphasis added).  Testimony from an expert witness instead of
 a lay witness "is required where a factual issue must be resolved with
 scientific, technical, or any other specialized knowledge.  Expert testimony
 differs from lay testimony in that an expert witness is permitted to state an
 opinion based on facts not within his firsthand knowledge."  Id. at
 445-46, 699 S.E.2d at 175.  Here, Captain Thomas's testimony indicates he
 applied specialized knowledge he gained from his training and experience to
 photographs of Victim.  The content and dates of the photographic exhibits
 indicate the pictures were taken on either four or five different occasions
 during the week following the incident.  Aside from testimony that Captain
 Thomas interviewed Victim the day after the incident and accompanied her to her
 home to view the initial crime scene, no evidence suggested Captain Thomas
 viewed Victim's injuries during that week.  When he viewed the photographs at
 trial, Captain Thomas concluded his testimony on direct examination by stating,
 "And in these photographs there is evidence of [TPI]."  We find the
 development and appearance of TPI, as described by Captain Thomas, required
 special medical knowledge.  To render this opinion, Captain Thomas applied special
 knowledge of TPI to photographs of Victim in varying conditions that he did not
 personally observe.  This testimony from a lay witness is inadmissible under
 Rule 701.  Accordingly, the trial court erred in admitting it.  
2. Harmless Error
Nonetheless, any error in
 admitting this testimony was harmless.  "[O]ur appellate courts have
 consistently held that a trial court should only be reversed when an error is
 prejudicial and not harmless."  State v. White, 371 S.C. 439, 447,
 639 S.E.2d 160, 164 (Ct. App. 2006).  "The determination of prejudice must
 be based on the entire record[,] and the result will generally turn on the
 facts of each case."  State v. Sweat, 362 S.C. 117, 128-29, 606
 S.E.2d 508, 514 (Ct. App. 2004) (internal citation and quotation marks
 omitted).  An error is harmless if it could not have reasonably affected the
 result of the trial.  State v. Key, 256 S.C. 90, 93-94, 180 S.E.2d 888,
 889-90 (1971).  However, the admission of a lay witness's opinion testimony
 concerning the ultimate issue in a case is not harmless.  State v. Ellis,
 345 S.C. 175, 178, 547 S.E.2d 490, 491 (2001).  Here, the jury convicted Norton
 of CDVHAN and ABHAN.  To secure these convictions, the State had to prove
 Norton assaulted and seriously injured Victim.  See S.C. Code Ann. §
 16-25-65 (Supp. 2010) (indicating CDVHAN consists of either "(1) an
 assault and battery which involves the use of a deadly weapon or results in
 serious bodily injury to the victim; or (2) an assault, with or without an
 accompanying battery, which would reasonably cause a person to fear imminent
 serious bodily injury or death"); State v. Geiger, 370 S.C. 600, 605-06,
 635 S.E.2d 669, 672 (Ct. App. 2006) (stating ABHAN is "an unlawful act of
 violent injury accompanied by circumstances of aggravation" such as the infliction
 of serious bodily injury or a difference in gender).  We find that, even had
 the trial court excluded Captain Thomas's TPI testimony, the State presented overwhelming
 evidence of Norton's guilt of both offenses.  As to strangulation specifically,
 Victim identified the pictures, which contained graphic images of Victim's
 bruises blooming and beginning to fade during the week following the attack, as
 showing her injuries from strangulation.  Victim testified Norton punched or choked
 her into unconsciousness at least twice.  The cashier recalled hearing
 "hitting" noises from inside the bathroom after Norton followed
 Victim into that room.  She and a police officer described Victim as hysterical
 and crying when they discovered her cowering on the bathroom floor.  Furthermore,
 we find Captain Thomas did not express an opinion concerning the ultimate issue
 in this case.  Captain Thomas opined only that the bruising evident in the
 photographs was TPI.  Although he related facts supporting the State's theory
 that Victim was strangled, he never expressed an opinion as to whether Norton
 assaulted and seriously injured Victim, either by strangling or by other
 means.  Accordingly, Norton suffered no prejudice from Captain Thomas's
 testimony, and any error in admitting it was harmless.  
AFFIRMED.
FEW, C.J.,
 THOMAS, J., and CURETON, A.J., concur.  

[1] The term "TPI" appears to be a typographical
 error or misunderstanding of the term "petechiae."  For continuity,
 we use the term in the record.