**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles M. Deveaux, Appellant.

Appellate Case No. 2011-202734

———————————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-042
Heard December 16, 2013 – Filed February 5, 2014

———————————

**REVERSED AND REMANDED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Charles M. Deveaux appeals his conviction for criminal sexual conduct with a minor in the first degree. Deveaux contends the circuit court erred in: (1) admitting the expert testimony of a forensic interviewer, (2) declining to declare a mistrial regarding the forensic interviewer's and the investigating officer's

testimony, (3) allowing the State to refer to section 16-3-657 of the South Carolina Code (2003) and charging this statute to the jury, and (4) declining to declare a mistrial regarding an alleged *Brady*[1] violation. We reverse and remand for a new trial.

1.     We find the circuit court erred in admitting the challenged expert testimony of the forensic interviewer. "The rules of evidence do not allow witnesses to vouch for or offer opinions on the credibility of others, and the work of a forensic interviewer, by its very nature, seeks to ascertain whether abuse occurred at all, i.e., whether the victim is telling the truth, and to identify the source of the abuse." *State v. Kromah*, 401 S.C. 340, 357 n.5, 737 S.E.2d 490, 499 n.5 (2013). "[A]lthough an expert's testimony theoretically is to be given no more weight by a jury than any other witness, it is an inescapable fact that jurors can have a tendency to attach more significance to the testimony of experts." *Id.* at 357, 737 S.E.2d at 499. "Further, even though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others. It is undeniable that the primary purpose for calling a 'forensic interviewer' as a witness is to lend credibility to the victim's allegations. When this witness is qualified as an expert the impermissible harm is compounded." *Id.* at 358, 737 S.E.2d at 499. A forensic interviewer should avoid making any statement at trial that indirectly vouches for the child's believability, any statement to indicate to a jury that the interviewer believes the child's allegations in the current matter, or an opinion that the child's behavior indicated the child was telling the truth. *Id.* at 360, 737 S.E.2d at 500. At Deveaux's trial, Daniel Olszewski was qualified as an expert witness in forensic interviewing and testified regarding his interviews with the victim. Olszewski testified the victim's statements contained details indicating she had not been coached; he then described those details and gave his opinion that the victim was "better than young children" at providing details of abuse. The victim's testimony was the only evidence of abuse presented at trial. The State put forth no physical evidence of abuse, nor did any other witnesses testify to having observed the abuse. In light of the lack of other evidence presented by the State, the credibility of the victim was critical to the jury's determination of Deveaux's innocence or guilt. Therefore, we cannot say the improper admission of Olszewski's testimony as an expert witness in forensic interviewing was harmless. *See id.* at 360, 737 S.E.2d at 501 ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *State v. Key*, 256 S.C. 90, 93,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

180 S.E.2d 888, 890 (1971) (holding error is harmless when it "could not reasonably have affected the result of the trial"); *State v. Watts*, 321 S.C. 158, 165, 467 S.E.2d 272, 277 (Ct. App. 1996) ("In applying the harmless error rule, the court must be able to declare the error had little, if any, likelihood of having changed the result of the trial and the court must be able to declare such belief beyond a reasonable doubt.") (citing *Chapman v. California*, 386 U.S. 18 (1967)); *State v. Ellis*, 345 S.C. 175, 178, 547 S.E.2d 490, 491 (2001) (finding error was not harmless when witness who was erroneously qualified as an expert provided improper opinion which went to the heart of the matter); *State v. Jennings*, 394 S.C. 473, 480, 716 S.E.2d 91, 94-95 (2011) (finding circuit court's admission of forensic interviewer's reports that vouched for the victims' credibility was not harmless when no physical evidence was presented at trial and the victims' credibility was the most critical determination of the case).

2.      Given our decision to reverse and remand for a new trial based on the circuit court's improper admission of Olszewski's expert testimony, we need not reach the remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**