**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mutekis Jamar Williams, Appellant.

Appellate Case No. 2018-001147

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-114
Submitted November 1, 2021 – Filed March 16, 2022
Withdrawn, Substituted, and Refiled June 8, 2022

**AFFIRMED**

Clarence Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Mutekis Jamar Williams appeals his conviction for trafficking cocaine in an amount of one hundred grams or more. Williams argues the trial

court erred in refusing to strike cross-examination testimony of an arresting deputy. We affirm.

**FACTS/PROCEDURAL HISTORY**

On July 21, 2015, Deputy Scott Brown of the Charleston County Sheriff's Office pulled Williams over for going eighty-one miles per hour (mph) in a sixty-mph zone. Williams was driving a rental car that was rented in his sister's name, but Williams's name was not on the rental agreement nor was he an authorized driver. During the license check, Deputy Brown learned there was an outstanding arrest warrant for Williams, and Williams was arrested and put in the back of Deputy Brown's patrol car.

Because there was no authorized driver present for the rental car, Deputy Brown contacted the rental company to tow it. Deputy Brown and other deputies conducted an inventory search of the rental car in preparation for towing. While searching Williams's person incident to his arrest, deputies found $4,000, and Williams told deputies he had an additional $8,000 wrapped in yellow plastic in the rental car's trunk. Deputies subsequently found $8,000[1] wrapped in black plastic inside a small box in the trunk. Underneath the money, deputies also found a yellow plastic bag wrapped around a clear bag containing over 120 grams of cocaine.

At trial, Williams's counsel moved to strike Deputy Brown's answer to a question on cross-examination. The exchange occurred as follows:

> **Counsel:** Okay. You saw the bag of suspected cocaine, correct?
>
> **Deputy Brown:** Correct.
>
> **Counsel:** Did you contact [Williams's sister] to see if she had any knowledge of that since she was the authorized renter of the vehicle?
>
> **Deputy Brown:** No, because the defendant was in possession of the vehicle.

---

[1] The State and Williams stipulated that the money was legally obtained and lawfully owned by Williams. Williams won $20,000 in the SC Lottery.

**Counsel:** But it was in the trunk, right? It wasn't on his person?

**Deputy Brown:** *It was in his constructive possession.*

**Counsel:** That's a legal argument, Judge and I'd ask that be stricken. He said that it was constructive possession.

**The Court:** He answered the question.

**Counsel:** So essentially what you're saying is you found it in the trunk so you made the assumption that it was his, correct?

**Deputy Brown:** I put it together with other evidence including statements of the defendant saying it was in a yellow plastic bag, which it was not. The money was not in a yellow plastic bag. It was in a black plastic bag which was on top of the yellow bag containing the narcotics.

**Counsel:** But he didn't admit to having narcotics?

**Deputy Brown:** No, not for specifically narcotics, no.

(emphasis added).

Deputies also found mail addressed to Williams, a laptop, three cell phones, and an electronic wire/bug finding device (to detect listening/recording devices on individuals) in the trunk. Two other Charleston County Sheriff's Ofice deputies, Corey Shelton and James Jacko, testified about the search of the rental car and finding the drugs in the yellow plastic bag in the trunk.

During the State's case-in-chief, Williams's sister testified that besides herself, only her father and Williams drove the rental car. She stated the cocaine found in the trunk of the rental car did not belong to her or to her father. A rental car company representative testified that records from 2015 were not available, but he stated that the rental car company would have thoroughly cleaned and inspected the rental car before renting it to Williams's sister.

During deliberations, the jury asked to hear the definition of constructive possession, and the trial court repeated the constructive possession jury instruction. The jury also asked to hear Deputy Shelton's testimony again, and the testimony was played for the jury. Upon conviction, the trial court sentenced Williams to twenty-five years' imprisonment. This appeal followed.

**ISSUE ON APPEAL**

Did the trial court err in refusing to strike Deputy Brown's testimony regarding constructive possession?

**STANDARD OF REVIEW**

"The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010) (quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001)). "An abuse of discretion occurs when the trial court's ruling is based on an error of law . . . ." *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000) (alteration in original) (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000)). To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice. *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005). Prejudice occurs when there is a reasonable probability the wrongly admitted evidence influenced the jury's verdict. *Id.*

**LAW/ANALYSIS**

Williams argues the trial court erred in refusing to strike Deputy Brown's testimony because Deputy Brown gave a legal opinion on the ultimate issue in the case. Specifically, Williams contends "constructive possession" is a legal term that not even a qualified expert would have been allowed to use in testimony. Williams claims that Deputy Brown's testimony was prejudicial and gave the jury an improper basis upon which to base their conviction. We disagree.

We note that Deputy Brown was under cross-examination when he answered trial counsel's question, and his answer was not responsive to trial counsel's question. Whether Deputy Brown's answer is characterized as a legal conclusion or as nonresponsive, it was improperly admitted. *See* Rule 701, SCRE ("If the witness is

not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.").

Williams cites *State v. Ellis*, 345 S.C. 175, 547 S.E.2d 490 (2001), for the proposition that Deputy Brown's testimony spoke to the ultimate issue in the case. In *Ellis*, a police officer was qualified by the court as an expert in crime scene reconstruction, but the supreme court found he exceeded the scope of his expertise when his testimony amounted to a legal conclusion regarding self-defense. *Id.* at 177–78, 547 S.E.2d at 491. It was the police officer's "expert opinion" coupled with the State's repeated reference to the opinion in closing argument that led the supreme court to find the testimony impermissibly undermined the appellant's defense. *Id.* at 178–79. 547 S.E.2d at 491–92. Here, we note that Deputy Brown was not testifying as an expert witness. We find the error in the case before us does not rise to the level of that in *Ellis* and does not entitle Williams to a new trial.

"Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result." *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006). When "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached," an insubstantial error that does not affect the result of the trial is considered harmless. *Id.* (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989)).

> A harmless error analysis is contextual and specific to the circumstances of the case: "No definite rule of law governs [a finding of harmless error]; rather the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial."

*State v. Byers*, 392 S.C. 438, 447–48, 710 S.E.2d 55, 60 (2011) (citations omitted).

Here, Deputy Brown's reference to constructive possession could not reasonably have affected the result of the trial. The State conclusively proved Williams's guilt by other competent evidence. *See State v. Chavis*, 412 S.C. 101, 110 n.7, 771 S.E.2d 336, 340 n.7 (2015) (noting a trial court's error in admitting certain testimony may be deemed harmless if there is "other overwhelming evidence of

guilt"). Three deputies testified about finding drugs in the yellow bag of the trunk of the rental car that Williams was driving. Williams directed the deputies to the trunk and stated there was money in the yellow bag. Williams's personal mail was found next to the drugs. Williams's three cell phones and a bug-finding device were also with the drugs. The rental car company representative testified about the extensive cleaning and inspection process the rental car would have been subject to before Williams's sister rented it. Williams's sister testified the drugs in the rental car did not belong to her or her father, and she stated they were the only other people to drive the car besides Williams.

Further, other factors during the trial show that Deputy Brown's answer did not affect the outcome of the trial. While Deputy Brown's answer was a legal conclusion, trial counsel continued to ask Deputy Brown about the answer after the trial court's ruling. Counsel asked Deputy Brown, "So essentially what you're saying is you found it in the trunk so you made the assumption that it was his, correct?" This question allowed Deputy Brown to elaborate, without objection, and explain that he "put it together with other evidence" that the cocaine was in a yellow plastic bag that Williams had directed them to, saying it contained the money. We also note that here, unlike *Ellis*, the State did not refer to Deputy Brown's disputed testimony in its closing argument. *Cf. State v. Bell*, 430 S.C. 449, 473, 845 S.E.2d 514, 527 (Ct. App. 2020) (noting the admission of improper testimony was not harmless where "the State continuously stressed the improper statements in its closing argument"). The trial court instructed the jury on constructive and actual possession, and the jury asked to hear that instruction again. This indicates the jury properly relied on the trial court, not Deputy Brown, for legal instruction. The jury did not ask to hear Deputy Brown's testimony again, but they did ask for Deputy Shelton's testimony. Deputy Shelton testified about arresting Williams, searching him, and searching the rental car. Deputy Shelton testified that he found the cocaine in a yellow plastic bag in the rental car. Accordingly, because the State conclusively proved Williams's guilt by other competent evidence, Williams's conviction is

**AFFIRMED.**[2]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.