**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terry R. McClure, Appellant.

Appellate Case No. 2019-001865

―――――――――

Appeal From Lexington County
Frank R. Addy, Jr., Circuit Court Judge,

―――――――――

Unpublished Opinion No. 2023-UP-258
Heard April 10, 2023 – Filed July 12, 2023

―――――――――

**AFFIRMED**

―――――――――

Mario Anthony Pacella and Matthew B. Robins, both of Strom Law Firm, LLC, of Columbia for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Joshua Abraham Edwards, all of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Terry R. McClure was convicted for the murder of Tycus Toland and the attempted murder of Tycus's brother, VonKeith Toland. We affirm.

1.  As to McClure's contention the trial court erred in admitting the redacted video of his interview with Detective Trojanowski because it contained numerous instances of hearsay statements by Detective Trojanowski and statements constituting impermissible burden shifting, we find the admission of the video was erroneous, but in light of the overwhelming evidence of guilt constituted harmless error.  *See State v. Brewer*, 411 S.C. 401, 406, 768 S.E.2d 656, 658 (2015) ("We acknowledge the propriety of law enforcement interrogation techniques, including misrepresenting the existence and strength of the evidence against an accused, as well as asking the accused to produce evidence voluntarily.  Such matters are typically examined *in camera* when the trial court is making a preliminary determination as to the admission of a confession.") (citations omitted); *id*. at 406, 768 S.E.2d at 659 ("[S]uch evidence will rarely be proper for a jury's consideration."); *id*. at 407, 768 S.E.2d at 659 (explaining there is "no support in the law for the State's argument that the interrogators' statements were admissible for purposes of context or for the effect the statements had on [the defendant]"); *State v. Washington*, 431 S.C. 619, 622-23, 848 S.E.2d 794, 796 (Ct. App. 2020) (finding the trial court erroneously admitted a video interrogation where police stated the defendant's fingerprints were at the scene of the crime, that he had pawned certain stolen property, and invited him repeatedly to explain how his fingerprints could be at the crime scene); *State v. Carter*, 438 S.C. 463, 474-76, 884 S.E.2d 195, 201-02 (Ct. App. 2022) (finding any error in trial court's admission of videotaped interrogation was harmless in light of overwhelming evidence of guilt including testimony about defendant planning the crime, witness testimony confirming his steps in carrying out the plan, cell phone records placing him near the scene at the time of the crime, and evidence defendant urged witnesses to change their testimony to provide an alibi), *petition for cert. filed* (S.C. Sup. Ct. May 1, 2023).

2.  As to the trial court's jury instruction on inferred malice and attempted murder, we find this issue is not preserved for appellate review.  *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *id*. ("A party may not argue one ground at trial and an alternate ground on appeal.").

3.  As to the admission of Justin Butler's text messages as non-hearsay statements of a coconspirator, we find the trial court properly admitted the evidence.  *See* Rule 801(2)(E), SCRE (explaining "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay); *State v.*

*Gilchrist*, 342 S.C. 369, 372, 536 S.E.2d 868, 869 (2000) ("Under the Federal Rules of Evidence, this same rule has been interpreted to allow admission of a co[]conspirator's statement only where there is evidence of the conspiracy *independent* of the statement sought to be admitted.") (emphasis in original); *State v. Anderson*, 357 S.C. 514, 517, 593 S.E.2d 820, 821 (Ct. App. 2004) (finding a coconspirator's agreement to accompany the other defendants to commit a robbery was sufficient independent evidence of conspiracy to admit the statement by one conspirator that "they had a lick" or robbery planned).

4.  As to Officer Zwolak's testimony as an expert in "street language and culture" explaining certain terms used in text messages between McClure and Butler, we find the trial court property admitted the testimony and any possible prejudice from the use of the term "street" was harmless. *See State v. Martin*, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) ("The qualification of a witness as an expert is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("Before a witness is qualified as an expert, the trial court must find (1) the expert's testimony will assist the trier of fact, (2) the expert possesses the requisite knowledge, skill, experience, training, or education, and (3) the expert's testimony is reliable."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Ostrowki*, 435 S.C. 364, 389-91, 867 S.E.2d 269, 282 (Ct. App. 2021) (finding an officer's testimony regarding language used in drug transaction based on general drug-investigation experience was inadmissible because it was offered as lay testimony without the rigors of expert qualification); *State v. Mealor*, 425 S.C. 625, 652, 825 S.E.2d 53, 68 (Ct. App. 2019) (admitting officer's expert testimony as to methamphetamine manufacturing and yield because officer "had more knowledge . . . than the jury would have as common knowledge" and therefore his testimony assisted the jury thereby meeting the requirements of Rule 702).

5.  As to the trial court's denial of McClure's request to cross-examine witness Tyvona Toland regarding prior charges against her, we find the trial court's decision was not erroneous because Toland's charges were neither pending nor had she been offered leniency in exchange for her testimony. *See State v. Sims*, 348 S.C. 16, 25, 558 S.E.2d 518, 523 (2002) (holding the trial court erred in not allowing cross-examination of a witness regarding *pending* charges who had been told the judge in his future trial may be made aware of his cooperation); *Smalls v. State*, 422 S.C. 174, 183, 810 S.E.2d 836, 841 (2018) (finding Smalls' attorney was

ineffective for not cross-examining a witness regarding the dismissal of a carjacking charge the morning of Smalls' trial); *Sims* at 26, 588 S.E.2d at 523-24 (finding any error in limiting a witness's cross-examination constituted harmless error).

**AFFIRMED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**