716 S.E.2d 91

**The STATE, Respondent,**

v.

**Thomas Edward JENNINGS, Appellant.**

**No. 27043.**

Supreme Court of South Carolina.

Heard April 5, 2011.

Decided Sept. 19, 2011.

Rehearing Denied Oct. 19, 2011.

474

Blake A. Hewitt and John S. Nichols, both of Bluestein, Nichols Thompson, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor W. Walter Wilkins, of Greenville, for Respondent.

Justice PLEICONES.

Appellant was convicted of two counts of committing a lewd act upon a minor and was sentenced to fifty-five months' imprisonment for the first charge and fifteen years, suspended upon the service of fifty months and three years' probation for

the second charge, with the sentences to run consecutively. Appellant appeals his convictions, arguing the trial court erred in allowing the State to introduce the written reports of a forensic interviewer. We reverse.

## FACTS

Appellant was a neighbor of the three minor alleged victims ("oldest child," "middle child," and "youngest child"), aged eleven, nine, and six, respectively. Although the children described appellant as a friend and grandfather figure, all claimed he inappropriately touched them on numerous occasions. According to the children, appellant would typically start out by rubbing their backs underneath their shirts, and would eventually put his hand down their pants, underneath their underwear.

Middle child first reported appellant's actions to her parents after she returned from a bike ride with appellant. According to middle child, she became upset when appellant asked her if she liked it when he rubbed her back. She claimed she returned to her house and told her mother what appellant had been doing to her. Following middle child's revelation, the other two children claimed appellant had also touched them inappropriately.

Appellant admitted he developed a friendly relationship with the children and that he had engaged in incidental physical contact with them from time to time. He vehemently denied, however, touching any of them inappropriately.

Forensic interviewer Shauna Galloway–Williams interviewed each of the children. The State called her as its first witness and asked her to briefly summarize what each of the victims told her during the interviews. Appellant objected, and the trial court sustained the objection. The State then moved to admit the forensic interviewer's written reports into evidence. Over appellant's objection, the trial court allowed the written reports into evidence.

The written reports contain several sections of information. Each report contains a "Background Information" section, including identical descriptions of when the family moved to South Carolina and how they began to interact with appellant. This section also contains the mother's account of her conver-

sation with middle child during which middle child revealed appellant had been abusing her. For instance, the reports state that mother told the forensic interviewer that middle child told mother that appellant touched middle child inappropriately, and that middle child did not like it when appellant touched her. The reports also state that mother told the forensic interviewer that the other children told mother that appellant had also touched them inappropriately. Each report also contains a section entitled "Regarding Allegations of Abuse" in which the forensic interviewer outlines the children's accounts of the alleged abuse by appellant provided in the interviews.

Finally, each report contains a section entitled "Conclusion of interview," where the forensic interviewer states that the children "provide[d] a compelling disclosure of abuse by [appellant]." The reports further conclude that each of the children provided details consistent with the background information received from their mother, the police report, and the other two children.

Later in the forensic interviewer's testimony, the Court allowed the State to play videos of each of the three interviews. After the videos were played, all three children testified that appellant abused them in the manner described in the forensic interviews.

## ISSUES

I. Did the trial court err in allowing the State to introduce written reports from the children's interviews?

II. Did the trial court err in allowing the State to introduce videos of the children's interviews before the children had testified?

## STANDARD OF REVIEW

"The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) (citations omitted). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary

support." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) (citation omitted).

## LAW/ANALYSIS

### I. Admissibility of written reports

Appellant argues the trial court erred in allowing the State to introduce the forensic interviewer's written reports from her interviews with the children. Specifically, appellant argues the reports contained inadmissible hearsay that improperly bolstered the children's testimony, that they impermissibly allowed the forensic interviewer to vouch for the credibility of the children, and that their admission was not harmless beyond a reasonable doubt. We agree.

### A. Written reports as inadmissible hearsay

Appellant first argues the trial court erred in allowing the State to introduce the reports because they constituted impermissible hearsay, which improperly bolstered the children's testimony.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. Hearsay is inadmissible except as provided by the South Carolina Rules of Evidence, by other court rule, or by statute. Rule 802, SCRE.

"Improper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice." *State v. Garner*, 389 S.C. 61, 67, 697 S.E.2d 615, 618 (Ct.App. 2010). Such error is deemed harmless when it could not have reasonably affected the result of trial, and an appellate court will not set aside a conviction for such insubstantial errors. *Id.*

Improperly admitted hearsay which is merely cumulative to other evidence may be viewed as harmless. *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978). "Improper corroboration testimony that is *merely cumulative to the victim's testimony,* however, cannot be harmless, because it is precisely this cumulative effect which enhances the devastating impact of improper corroboration." *Jolly v. State,*

314 S.C. 17, 21, 443 S.E.2d 566, 569 (1994) (emphasis in original); *see also Smith v. State,* 386 S.C. 562, 689 S.E.2d 629 (2010) (forensic interviewer's hearsay testimony impermissibly corroborated the victim's testimony because the outcome of the case hinged on the victim's credibility regarding the identification of the perpetrator); *Dawkins v. State,* 346 S.C. 151, 154, 551 S.E.2d 260, 261 (2001) (defendant was entitled to post-conviction relief where four witnesses testified without objection regarding the victim's out-of-court conversations with them concerning the alleged abuse).

■ Appellant specifically challenges the portions of the report where the mother related to Williams that the middle child told her appellant molested her and specific things the victims told the forensic interviewer during the interviews. We find these portions of the written reports constitute inadmissible hearsay as they were out-of-court statements offered to prove that appellant did in fact inappropriately touch the girls in the way that they claimed.

■ We also find the trial court's error in allowing the State to introduce this evidence was not harmless. This trial hinged on the children's credibility, and the written reports were cumulative to the children's testimony. As this Court has held before, where credibility is the ultimate issue in a case, improper corroboration evidence that is merely cumulative to the victim's testimony is not harmless. *Jolly, supra; Dawkins, supra; Smith, supra.* Because the children's credibility was the ultimate determination for the jury to make in deciding appellant's guilt, the trial court's error in admitting the reports could not have been harmless. *Id.*

### B. *Improper vouching*

Appellant also argues the trial court erred in allowing the State to introduce the written reports because they improperly vouched for the victims' credibility. Specifically, appellant challenges the conclusion section of the reports where the forensic interviewer states the children provided a "compelling disclosure of abuse" and provided details consistent with the background information received from mother, the police report, and the other two children.

■ For an expert to comment on the veracity of a child's accusations of sexual abuse is improper. *See State v. Dawkins,* 297 S.C. 386, 393–94, 377 S.E.2d 298, 302 (1989) (finding therapist indicating he believed victim's allegations were genuine was improper); *see also State v. Dempsey,* 340 S.C. 565, 571, 532 S.E.2d 306, 309 (Ct.App.2000) (finding therapist's testimony children were being truthful in ninety-five percent of instances in which sexual abuse was alleged was improper vouching for child); *but see State v. Douglas,* 380 S.C. 499, 671 S.E.2d 606 (2009) (forensic interviewer did not vouch for the victim's veracity where she never stated she believed the victim and gave no other indication concerning the victim's veracity).

■ We find the trial court abused its discretion in allowing the State to introduce the reports because they allowed the forensic interviewer to improperly vouch for the children's veracity. In each report, the forensic interviewer stated that during the interviews, each child had "provide[d] a compelling disclosure of abuse by [appellant]." The forensic interviewer further concluded that each of the children provided details consistent with the background information received from their mother, the police report, and the other children. There is no other way to interpret the language used in the reports other than to mean the forensic interviewer believed the children were being truthful. We therefore find the trial court erred in allowing the State to introduce the reports. *Dawkins, supra; Dempsey, supra.*

■ We further find the trial court's admission of the reports did not amount to harmless error. There was no physical evidence presented in this case. The only evidence presented by the State was the children's accounts of what occurred and other hearsay evidence of the children's accounts. Because the children's credibility was the most critical determination of this case, we find the admission of the written reports was not harmless. *See State v. Ellis,* 345 S.C. 175, 178, 547 S.E.2d 490, 492 (2001) ("An officer's improper opinion which goes to the heart of the case is not harmless.").

## II. Timing of videos' introduction

Appellant argues the trial court erred in allowing the State to introduce the videos of the interviews before the children

had testified. Specifically, appellant argues allowing the videos to be introduced at that time violated his constitutional rights to due process and confrontation. We disagree.

An out-of-court statement of a child under the age of 12 may be admissible under certain circumstances. *See* S.C.Code Ann. § 17–23–175 (Supp.2010). Section 17–23–175 provides, in pertinent part:

(A) In a general sessions court proceeding ... an out-of-court statement of a child is admissible if:

(1) the statement was given in response to questioning conducted during an investigative interview of the child;

(2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means, except as provided in subsection (F);

(3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and

(4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness.

Prior to trial, the State requested a ruling on the introduction of the videos of the victims' interviews with Williams, pursuant to S.C.Code Ann. § 17–23–175 (Supp.2010). While appellant did not challenge the admissibility of the videos, he did argue that, under the statute, the videos could not be introduced *before* the victims testified. Specifically, appellant argued the statute "contemplates [the victims] be subject to cross-examination before the [videos] come in." Appellant did not, however, make any constitutional arguments in support of his objection. After reviewing the statute, the trial court allowed the State to introduce the video prior to the victims' testimony, with the understanding that the victims would in fact be called upon to testify.

An objection must be made on a specific ground. *State v. Stahlnecker*, 386 S.C. 609, 617, 690 S.E.2d 565, 570 (2010) (citing *State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997)). For an issue to be properly preserved it has to be raised to and ruled on by the trial court. *Id.* This rule

also applies to constitutional arguments. *See State v. Owens*, 378 S.C. 636, 664 S.E.2d 80 (2008) (confrontation clause and due process arguments not preserved for review). Accordingly, the argument now made on appeal, that appellant's constitutional rights were violated, is not preserved for this Court's review.

## CONCLUSION

The trial court erred in allowing the State to introduce the forensic interviewer's written reports because they contained impermissible hearsay, vouched for the children's credibility, and their admission was not harmless. Accordingly, appellant's convictions are

REVERSED.

BEATTY, J., concurs.

KITTREDGE, J., concurring in a separate opinion in which HEARN, J., concurs.

TOAL, C.J., dissenting in a separate opinion.

Justice KITTREDGE.

I concur in result, but agree with Chief Justice Toal that the apparent categorical rule emanating from *Jolly v. State* and its progeny precluding a finding of harmless error goes too far. 314 S.C. 17, 21, 443 S.E.2d 566, 569 (1994) (stating that "[i]mproper corroboration testimony that is *merely cumulative to the victim's testimony* ... cannot be harmless ....") (emphasis in original). In my judgment, it may be a rare occurrence for the State to prove harmless error beyond a reasonable doubt in these circumstances. But these determinations are necessarily context dependent, and a categorical rule is at odds with longstanding harmless error jurisprudence. *Cf. Huggler v. State*, 360 S.C. 627, 634–36, 602 S.E.2d 753, 757–58 (2004) (holding in a post-conviction relief matter arising from a criminal sexual conduct conviction that defense counsel's failure to object to the admission of written witness statements that went beyond time and place of the alleged sexual assault fell below an objective standard of reasonableness, but counsel's failure to object had not prejudiced the

defendant's case "[i]n light of the overwhelming evidence presented by the State" and "[t]he evidence of abuse was overwhelming even without the content in the [improperly admitted] written statements.").

I have reviewed the evidence, including the video interviews of the children. While a close question may be presented, I cannot say the improper vouching and admission of the forensic interviewer's written reports were harmless beyond a reasonable doubt. There is a lack of overwhelming evidence of guilt apart from the State's regrettable desire to admit patently inadmissible evidence. Accordingly, I join the majority in voting to reverse.

HEARN, J., concurs.

Chief Justice TOAL.

I respectfully dissent. While I agree with the majority's disposition of Appellant's argument regarding the timing of the introduction of the videos, I disagree with the majority regarding the prejudicial nature of the forensic interviewer's written reports. I would hold that the admission of the written reports was harmless error and that the reports did not vouch for the children's veracity.

The majority points to a string of cases to support the assertion that improperly admitted hearsay testimony that is merely cumulative to the victim's testimony can never be harmless error. *See Smith v. State,* 386 S.C. 562, 689 S.E.2d 629 (2010); *Dawkins v. State,* 346 S.C. 151, 551 S.E.2d 260 (2001); *Jolly v. State,* 314 S.C. 17, 443 S.E.2d 566 (1994). I do not dispute that our cases say as much, but I do disagree with those holdings. Although I concurred in the *Jolly* opinion, I have come to believe that the *Jolly* case and its progeny go too far, and consequently, I believe we should take this opportunity to overrule *Jolly.* In my opinion, these cases create a rule of per se prejudice when testimony is cumulative to the victim's testimony. Such a rule is contrary to the traditional analysis of improperly admitted hearsay testimony, which requires a finding of prejudice. *See State v. Weston,* 367 S.C. 279, 288, 625 S.E.2d 641, 646 (2006) ("The improper admission of hearsay is reversible error only when the admission causes prejudice.").

In my view, the admission of the written reports was harmless error. The video of the forensic interview was shown at trial, as allowed by statute, the victims testified, and Appellant testified. The jury heard both sides of the story and nonetheless convicted Appellant. Appellant has not shown that the introduction of the reports so tainted the verdict that he was prejudiced. As stated previously, I disagree with the per se rule created by *Jolly* and its progeny. In my opinion, a defendant should always be required to prove he suffered prejudice from the improper introduction of cumulative hearsay testimony.

I do not believe the forensic interviewer's report vouched for the credibility of the victims. The interviewer did not state she believed the victims. In fact, she testified that her role as a forensic interviewer was "to interview children and to report the information that they share," and that "[i]t's not [her] job to prove guilt or innocence or to prove whether someone is telling the truth or not." Therefore, in my view, the reports did not vouch for the victims.

Thus, Appellant suffered no prejudice from the introduction of the reports, and I would hold their admission to be harmless error.