THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA 
In The Court of Appeals 
 
 
 
 
The State, Respondent,
v.
Kevin Tijuan 
 Hardy, Appellant.
 
 
 

Appeal From Greenville County 
G. Edward Welmaker, Circuit Court Judge 

Unpublished Opinion No. 2012-UP-315 
Heard April 10, 2012 – Filed May 23, 2012    

AFFIRMED

 
 
 
Appellate Defender Lanelle Cantey Durant, of Columbia, for
 Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Mark R. Farthing, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Kevin 
 Tijuan Hardy was indicted for and convicted of trafficking in cocaine and crack 
 cocaine and sentenced to twenty-five years and seven years, respectively.  
 Hardy appeals, asserting the trial court erred in (1) denying his motion to 
 suppress the drug evidence resulting from a traffic stop, and (2) allowing the 
 State to present a factor to support reasonable suspicion to search that was 
 discriminatory and violated the Equal Protection Clause.  We affirm. 
1.  We find no error in 
 the trial court's denial of Hardy's motion to suppress the drug evidence based 
 on his assertion the search of his car exceeded the scope of the traffic stop.  
 We find this case to be similar to that of State v. Provet, 391 S.C. 
 494, 706 S.E.2d 513 (Ct. App. 2011), and State v. Wallace, 392 S.C. 47, 707 S.E.2d 451 (Ct. App. 2011), and distinguishable from State v. Tindall, 388 S.C. 518, 698 S.E.2d 203 (2010).  Here, as in Provet, the traffic stop was not 
 prolonged for questioning by the officer after the purpose of the traffic stop 
 had been accomplished.  Rather, the officer's series of questions and 
 observations occurred prior to the conclusion of the traffic stop, as the 
 officer was still waiting to hear from dispatch regarding Hardy's license and 
 registration.  After the officer completed the warning citation, dispatch 
 reported back to him on the license and registration, and he explained the 
 warning citation to Hardy and handed him the ticket, immediately asking Hardy 
 for consent to search.  Here, as in Provet, the officer did not prolong 
 the stop several minutes to ask further questions after the purpose of the stop 
 was met.  Further, as in Provet and Wallace, the officer here developed his reasonable suspicion as a 
 result of additional factors that were not present in Tindall.  While 
 the factors noted by the officer here, standing alone, may be insufficient to 
 support reasonable suspicion, when considered together under the totality of 
 the circumstances, they were sufficient to provide reasonable suspicion for the 
 officer to detain Hardy while the drug detection canine walked around his 
 vehicle.  See Wallace, 392 S.C. at 55, 707 S.E.2d at 455 (holding 
 that while none of the fourteen factors relied upon by the State to support 
 reasonable suspicion independently amounted to reasonable suspicion of criminal 
 activity, "blending each of [the] 'tiles' into the 'entire mosaic' of the 
 totality of the circumstances," the officer had reasonable suspicion to 
 detain appellant while he walked the drug dog around the car).  Finally, as in Provet and Wallace, the officer here was a highly experienced officer, having 
 worked as a highway patrolman for a number of years, many of those years 
 assigned to the Aggressive Criminal Enforcement (ACE) unit, and having taught 
 criminal patrol and interdiction both at the state and national level.[1]  See Wallace, 392 S.C. at 52, 707 S.E.2d at 453 (noting that where 
 evidence showed officer involved was experienced, having worked in law enforcement 
 for over ten years prior to Wallace's arrest during which time he was 
 continually trained in drugs and drug interdiction, and officer's testimony 
 described in detail what happened, what he observed, and the conclusions he 
 drew from those facts in suppression hearing, considering such testimony and 
 the totality of the circumstances of the case, the evidence supported the trial 
 judge's ruling that the officer's suspicion was reasonable under the Fourth 
 Amendment); Provet, 391 S.C. at 506, 706 S.E.2d at 519-20 (observing 
 officer involved in that matter had four years of experience as a member of the 
 ACE unit and finding, based on the totality of circumstances and particularly 
 considering the officer's experience, there was evidence in the record to support 
 the trial court's ruling and the trial court did not abuse its discretion in finding 
 reasonable suspicion).  
2.  We further find no merit to 
 Hardy's contention the trial court erred in "allowing the State to 
 present, as one of the factors for reasonable suspicion to search, 'one black 
 male driving alone' which was discriminatory and violated the Equal Protection 
 Clause of the United States Constitution."  This issue is not preserved 
 for review.  Although Hardy's trial counsel questioned the officer concerning 
 consideration of a "black male driving alone" as a factor to support 
 reasonable suspicion, Hardy never argued to the trial court that the State had 
 presented such a factor or that it should not be allowed to present such a 
 factor, never argued to the trial court that such amounted to selective 
 enforcement, and never asserted that it was a violation of his right to equal 
 protection.  In fact, Hardy raised no objection or motion in regard to this 
 matter whatsoever.  See State v. Jennings, 394 S.C. 473, 481-82, 
 716 S.E.2d 91, 95 (2011) (holding the rule that for an issue to be properly 
 preserved it has to be raised to and ruled on by the trial court also applies 
 to constitutional arguments); State v. McKnight, 352 S.C. 635, 646, 576 
 S.E.2d 168, 174 (2003) (noting contention must be raised to and ruled upon by 
 trial court to be preserved for appellate review); State v. Haigler, 334 
 S.C. 623, 632, 515 S.E.2d 88, 92 (1999) (noting a constitutional argument is 
 not preserved for appeal where the appellant fails to argue the constitutional 
 basis for his request at trial).  Further, the officer specifically indicated that 
 he did not consider this fact as an indicator of criminal activity.  The 
 officer referenced Hardy's race when he was discussing the details of what he 
 observed after he stopped Hardy, and his subsequent testimony makes clear that 
 this was not included as one of the factors to support reasonable suspicion to 
 extend the stop.  
For 
 the foregoing reasons, Hardy's conviction is 
AFFIRMED. 
 FEW, 
 C.J., and HUFF and SHORT, JJ., concur. 
 
 
 
[1] At the time of this incident, the officer in question 
 had more than fifteen years of experience as a highway patrolman and a total of 
 eighteen years of experience in law enforcement.  After five years of service 
 with the Highway Patrol, he was assigned to the ACE unit and was a first-line 
 supervisor under the ACE team at the time of this matter.  He completed more 
 than 1,000 hours in advanced criminal patrol and interdiction technique in the 
 last ten years, was a certified instructor in criminal patrol and extending 
 traffic stops with the National Highway Traffic Safety Association, was a 
 certified instructor in advanced criminal patrol through the South Carolina 
 Criminal Justice Academy, and was a national instructor with the National 
 Criminal Enforcement Association.