**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joseph Paugh, Appellant.

Appellate Case No. 2010-175787

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2012-UP-659
Submitted October 1, 2012 – Filed December 19, 2012

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  Joseph Paugh appeals his conviction of first-degree criminal sexual conduct with a minor, contending the trial court erred by not limiting the scope of the State's expert testimony because her testimony improperly vouched for the minor's credibility.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Jennings*, 394 S.C. 473, 477, 716 S.E.2d 91, 93 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (citation and internal quotation marks omitted)); *In re Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 634 (Ct. App. 2010) ("[An expert witness] may base his or her opinion on information, whether or not admissible, . . . if the information is of the type reasonably relied upon in the field to make opinions."); *State v. Douglas,* 380 S.C. 499, 503-04, 671 S.E.2d 606, 609 (2009) (stating the interviewer did not vouch for the victim's veracity where she never stated she believed the victim and gave no indication concerning the victim's veracity); *State v. O'Neal*, 210 S.C. 305, 312, 42 S.E.2d 523, 526 (1947) ("An objection to the admission of evidence is waived where the same or similar evidence has been elicited by the objector.");  *State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) (stating a party cannot complain of an error which his own conduct has induced).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.