**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Mark Elliott, Appellant.

Appellate Case No. 2010-178286

―――――――――

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-112
Heard February 14, 2013 – Filed March 13, 2013

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General John Benjamin Aplin, and Assistant Attorney General Christina J. Catoe, all of Columbia, and Solicitor John Gregory Hembree, of North Myrtle Beach, for Respondent.

―――――――――

**PER CURIAM:** Mark Elliott appeals his conviction for kidnapping, arguing the trial court erred in admitting the following: (1) a hearsay statement; and (2) two statements he made under coercion. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the trial court erred in admitting the victim's statement made to a nurse regarding details of the kidnapping: Rule 803(4), SCRE (providing "[s]tatements made for purposes of medical diagnosis or treatment" are not excluded by the hearsay rule); *State v. Burroughs*, 328 S.C. 489, 501-02, 492 S.E.2d 408, 414 (Ct. App. 1997) (requiring statements under Rule 803(4), SCRE to have been necessary for diagnosis or treatment); *State v. Jennings*, 394 S.C. 473, 478-79, 716 S.E.2d 91, 93-94 (2011) (Kittredge & Hearn, JJ., concurring) (Toal, C.J., dissenting) (rejecting a *per se* rule of prejudice when corroboration testimony is cumulative to the victim's testimony); *State v. Young*, 378 S.C. 101, 107, 661 S.E.2d 387, 390 (2008) (requiring a showing of prejudice for an appellate court to reverse based on the erroneous admission of evidence).

2.     As to whether the trial court erred in admitting Elliott's statements: *State v. Moses*, 390 S.C. 502, 510-11, 702 S.E.2d 395, 399 (Ct. App. 2010) ("On appeal, the trial judge's ruling as to the voluntariness of the confession will not be disturbed unless so erroneous as to constitute an abuse of discretion." (quoting *State v. Myers*, 359 S.C. 40, 47, 596 S.E.2d 488, 492 (2004))); *id.* at 512, 702 S.E.2d at 400 (requiring the State to prove by a preponderance of the evidence that a statement was made freely, voluntarily, and taken in compliance with *Miranda v. Arizona*, 384 U.S. 436 (1966), prior to admission of a confession arising from custodial interrogation); *State v. Miller*, 375 S.C. 370, 384, 652 S.E.2d 444, 451 (Ct. App. 2007) (finding a determination of voluntariness must take into consideration the totality of the circumstances, including the characteristics of the accused and the details of the interrogation); *id.* at 385, 652 S.E.2d at 452 ("[A]ppropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**