**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Erick Arroyo, Appellant.

Appellate Case No. 2013-000694

———————————————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————————————

Unpublished Opinion No. 2015-UP-262
Heard April 14, 2015 – Filed May 20, 2015

———————————————

**REVERSED AND REMANDED**

———————————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————————————

**PER CURIAM:** Erick Arroyo appeals his convictions for two counts of criminal sexual conduct with a minor in the second degree and one count of committing a lewd act upon a child. Arroyo contends the circuit court erred in (1) admitting

unredacted portions of a forensic interviewer's report, (2) admitting a psychologist's testimony that the victim suffered from posttraumatic stress disorder, (3) limiting cross-examination of Arroyo's estranged wife, (4) refusing to charge that evidence of good character alone may create reasonable doubt, and (5) tolling Arroyo's probation until he completed a sexual abuse program. We reverse Arroyo's convictions and remand for a new trial pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in admitting unredacted portions of a forensic interviewer's report because those portions improperly commented on the victim's believability: *State v. Kromah*, 401 S.C. 340, 358-59, 737 S.E.2d 490, 500 (2013) ("[I]t is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter."); *id.* at 360, 737 S.E.2d at 500 (noting it is improper for a forensic interviewer at trial to offer any statement that indirectly vouches for the child victim's believability or indicates the interviewer believes the child victim's allegations in the matter); *State v. Jennings*, 394 S.C. 473, 480, 716 S.E.2d 91, 94 (2011) (finding the circuit court abused its discretion in allowing the State to introduce a forensic interviewer's reports because the reports improperly vouched for the child victims' veracity, as the only way to interpret the language used in the reports was the forensic interviewer believed the child victims were being truthful); *id.* at 480, 716 S.E.2d at 94-95 ("We further find the trial court's admission of the reports did not amount to harmless error. There was no physical evidence presented in this case. The only evidence presented by the State was the children's accounts of what occurred and other hearsay evidence of the children's accounts."); *id.* at 480, 716 S.E.2d at 95 ("Because the children's credibility was the most critical determination of this case, we find the admission of the written reports was not harmless."); *State v. McKerley*, 397 S.C. 461, 465-67, 725 S.E.2d 139, 142-43 (Ct. App. 2012) (holding a forensic interviewer's testimony was inadmissible because the only interpretation of the language of the testimony was the forensic interviewer believed the child victim was being truthful).

2. As to the remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**