**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jimmy Turner, Appellant.

Appellate Case No. 2013-000335

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-411
Heard September 7, 2016 – Filed September 21, 2016

**REVERSED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

**PER CURIAM:**  Appellant Jimmy Turner appeals his convictions for first-degree criminal sexual conduct with a minor and lewd act with a minor.  Appellant claims

the trial court erred by allowing the State's expert to testify regarding the recommendations she made to the alleged victim, which improperly bolstered the victim's credibility.

We find the trial court erred by admitting the State's expert's testimony that she recommended the alleged victim seek therapy and have no contact with Appellant. *See State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015) (explaining that although "experts may give an opinion, they are not permitted to offer an opinion as to the credibility of others"); *id.* ("Specifically, it is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter."); *id.* at 108, 771 S.E.2d at 340 (finding the trial court erred by admitting expert testimony regarding a recommendation that the victim "not be around [the defendant] for any reason" because it was improper bolstering of the victim's credibility).[1]

To the extent the State asserts the trial court's error was harmless, we disagree. *See id.* at 110, 771 S.E.2d at 341 ("The determination whether a bolstering error is harmless depends on whether the case turns on the credibility of the victim."); *State v. Jennings*, 394 S.C. 473, 480, 716 S.E.2d 91, 95–96 (2011) (finding the bolstering error was not harmless because there was no physical evidence and "the children's credibility was the most critical determination" of the case).

**REVERSED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We note our supreme court decided *Chavis* after Appellant's trial, and thus, the trial court did not have the opportunity to assess the State's expert's testimony in light of the holding in *Chavis*.