**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Edward Rodriquez Anthony, Appellant.

Appellate Case No. 2015-001072

Appeal From Aiken County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2016-UP-507
Submitted November 1, 2016 – Filed December 7, 2016

**AFFIRMED**

Appellate Defender Tiffany Lorraine Butler and
Appellate Defender LaNelle Cantey DuRant, both of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Vann Henry Gunter, Jr., both of
Columbia; and Solicitor James Strom Thurmond, Jr., of
Aiken, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The

admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Moultrie*, 316 S.C. 547, 554, 451 S.E.2d 34, 39 (Ct. App. 1994) ("[E]vidence of prior . . . bad acts that is logically relevant is . . . admissible to prove . . . a common scheme or plan that embraces several previous crimes so closely related to each other that proof of one tends to establish the other . . . ."); *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 278 (2009) ("When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)[, SCRE]."); *State v. Pagan*, 369 S.C. 201, 211, 631 S.E.2d 262, 267 (2006) ("If the defendant was not convicted of the prior crime[s], evidence of the prior bad act[s] must be clear and convincing."); *State v. Clasby*, 385 S.C. 148, 155, 682 S.E.2d 892, 895 (2009) ("When considering whether there is clear and convincing evidence of other bad acts, an appellate court is bound by the trial [court]'s factual findings unless they are clearly erroneous."); *State v. Kennedy*, 339 S.C. 243, 247, 528 S.E.2d 700, 702 (Ct. App. 2000) ("Where the close similarity between the charged offense and the previous bad act[s] enhance[] the evidence's probative value so as to outweigh its prejudicial effect, the evidence is admissible."); *id.* at 248-49, 528 S.E.2d at 703 (finding evidence of defendant's involvement in three prior burglaries was properly admitted because each burglary occurred within a three-month time span, the homes were in the same area of town, each burglary occurred in the early evening hours, and the same type of items were taken each time).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.