**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kendall Jerome Tyus, Jr., Appellant.

Appellate Case No. 2015-001739

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2017-UP-232
Submitted April 1, 2017 – Filed May 31, 2017

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Kendall Jerome Tyus, Jr. appeals his convictions of armed robbery and possession of a firearm during the commission of a violent crime, arguing the trial court erred by (1) admitting fingerprint identification evidence and

(2) qualifying a crime scene technician as an expert in latent fingerprint analysis. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *State v. McEachern*, 399 S.C. 125, 135, 731 S.E.2d 604, 609 (Ct. App. 2012) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Jones*, 343 S.C. 562, 572, 541 S.E.2d 813, 818 (2001) ("Scientific evidence is admissible under Rule 702, SCRE, if the trial [court] determines: (1) the evidence will assist the trier of fact; (2) the expert witness is qualified; (3) the underlying science is reliable, applying the factors found in *State v. Jones*, 273 S.C. 723, 259 S.E.2d 120 (1979); and (4) the probative value of the evidence outweighs its prejudicial effect."); *State v. Ramsey*, 345 S.C. 607, 615-16, 550 S.E.2d 294, 299 (2001) ("Once the evidence is admitted under these standards, the jury may give it such weight as it deems appropriate."); *State v. Ford*, 301 S.C. 485, 490, 392 S.E.2d 781, 784 (1990) (finding a reliability hearing was not necessary prior to admitting DNA evidence and such evidence could be admitted "in the same manner as other scientific evidence which is routinely used in trial court proceedings . . . *such as fingerprint analysis*" (emphasis added)).

As to issue 2:  *State v. Cope*, 405 S.C. 317, 334-35, 748 S.E.2d 194, 203 (2013) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] decision should not be disturbed absent prejudicial abuse of discretion." (quoting *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009))); *Jennings,* 394 S.C. at 477-78, 716 S.E.2d at 93 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark*, 339 S.C. at 389, 529 S.E.2d at 539)); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or

otherwise."); *State v. Anderson*, 407 S.C. 278, 286, 754 S.E.2d 905, 908-09 (Ct. App. 2014) (holding a witness was properly qualified as an expert in fingerprint analysis where he was better qualified than the jury to form an opinion on fingerprint analysis because of his education and training).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.