**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Alexander Darrieux, Appellant.

Appellate Case No. 2016-000624

---

Appeal From Berkeley County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-197
Submitted April 1, 2018 – Filed May 9, 2018

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:**  John Alexander Darrieux appeals his convictions of first-degree burglary, three counts of armed robbery, three counts of kidnapping, and possession of a weapon during the commission of a violent crime.  The trial court

sentenced him to concurrent prison terms of thirty years for each of the burglary, armed robbery, and kidnapping convictions, and a concurrent term of five years' imprisonment for possession of a weapon during the commission of a violent crime.  On appeal, Darrieux argues the trial court erred in (1) denying his motion for a new trial based on after-discovered evidence and (2) admitting a recording of an unauthenticated phone call from jail.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *State v. Halcomb*, 382 S.C. 432, 438, 676 S.E.2d 149, 152 (Ct. App. 2009) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978) ("The granting of a new trial because of after-discovered evidence is not favored, and this [c]ourt will sustain the trial court's denial of such a motion unless there appears an abuse of discretion."); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted . . . ."); Rule 1002, SCRE ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as provided in these rules or by statute."); Rule 1001(3), SCRE ("An 'original' of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it."); Rule 1001(4), SCRE ("A 'duplicate' is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduces the original."); Rule 1003, SCRE ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.").

As to issue 2: *Halcomb*, 382 S.C. at 443, 676 S.E.2d at 154 ("[R]ulings on the admissibility of evidence are within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion resulting in prejudice to the complaining party."); *Jennings*, 394 S.C. at 477-78, 716 S.E.2d at 93 ("An

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark*, 339 S.C. at 389, 529 S.E.2d at 539)); Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); *Deep Keel, LLC v. Atl. Private Equity Gp., LLC*, 413 S.C. 58, 64-65, 773 S.E.2d 607, 610 (Ct. App. 2015) ("'[T]he burden to authenticate . . . is not high' and requires only that the proponent 'offer[] a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" (quoting *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014))); Rule 901(b), SCRE (setting forth examples of authentication and noting the examples are "[b]y way of illustration only, and not by way of limitation").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**