**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cory Nettles Allen, Appellant.

Appellate Case No. 2016-000686

———————————

Appeal From Florence County
R. Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-152
Heard April 1, 2019 – Filed May 1, 2019

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Susannah Rawl Cole, all of Columbia, and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

———————————

**PER CURIAM:** Cory Nettles Allen appeals his murder conviction, arguing the trial court erred in refusing to redact a portion of a 911 call. We affirm pursuant to

Rule 220(b), SCACR, and the following authorities: *State v. Washington*, 379 S.C. 120, 124, 665 S.E.2d 602, 604 (2008) (identifying three elements that qualify a statement as an excited utterance: "(1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition"); *id.* at 123-24, 665 S.E.2d at 604 (stating the admission of evidence "is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion"); *id.* at 124-25, 665 S.E.2d at 604 (finding although speaker was "certainly upset as the result of the stabbing," statements in a formal interview with law enforcement did not qualify as excited utterances); *State v. Wyatt*, 317 S.C. 370, 373, 453 S.E.2d 890, 891 (1995) (holding error without prejudice does not warrant reversal); *State v. Jennings*, 394 S.C. 473, 478, 716 S.E.2d 91, 93-94 (2011) ("Improperly admitted hearsay which is merely cumulative to other evidence may be viewed as harmless."); *State v. Hughes*, 419 S.C. 149, 159, 796 S.E.2d 174, 179 (Ct. App. 2017) (finding no reversible error when evidence was erroneously admitted because the same evidence was admitted by other witnesses without objection).

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**