**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Justin Bradley Cameron, Appellant.

Appellate Case No. 2018-001493

—————————

Appeal From Clarendon County
D. Craig Brown, Circuit Court Judge

—————————

Unpublished Opinion No. 2022-UP-021
Submitted November 1, 2021 – Filed January 12, 2022

—————————

**AFFIRMED**

—————————

Tara Dawn Shurling, of Law Office of Tara Dawn Shurling, PA, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Ernest A. Finney, III, of Sumter, all for Respondent.

—————————

**PER CURIAM:** Justin Bradley Cameron appeals his conviction for criminal sexual conduct with a minor (CSCM) in the first degree. On appeal, Cameron argues the trial court erred in overruling his objection to a question from the State that identified

him as the perpetrator of the crime because the question (1) went beyond the "time and place" hearsay exception for a victim's prior consistent statement in sexual misconduct cases as permitted by Rule 801(d)(1)(D), SCRE; (2) improperly bolstered the victim's testimony; and (3) violated Cameron's due process rights. We affirm.

## I.

Cameron was indicted for one count of CSCM in the first degree in relation to the alleged sexual battery of his nephew (Victim) between June and August of 2015. At trial, the State presented evidence that sometime during the summer of 2015, Victim, who was six years old at the time, and his mother lived with David Flowers and one of Flowers' two sons at Flowers' home in Turbeville, South Carolina. The State presented further evidence that in July 2015, Flowers, Victim, and Victim's mother drove and picked up Cameron from Rock Hill, and Cameron stayed with them at Flowers' home for about a week. Cameron slept on the living room couch during his stay while Victim and his mother slept in Flowers' son's room. Victim testified one night while the others were asleep and his mother was at work, Cameron entered Victim's room and anally and orally penetrated him. Victim testified he told Flowers' son about the incident shortly after it occurred. Flowers' son confirmed that Victim told him about the incident, and he stated he told Victim's mother about Victim's disclosure. Meanwhile, Victim was placed in foster care. Victim testified that shortly after he turned seven, he told his foster mother about the incident with Cameron because his foster mother had to take him to the hospital for stomach and bowel problems. Victim stated he did not think he told his foster father about the incident, but he believed his foster mother did.

Victim's foster father testified when he and his wife began fostering Victim, Victim had bowel issues. Victim's foster father testified they took Victim to the emergency room for the issues, Victim was admitted to the hospital for the weekend, and his wife stayed with Victim. The State then asked foster father, "Did . . . Victim, I guess, this is a yes or no question. Did . . . Victim t[ell] you about the incident?" Cameron objected to this question on hearsay grounds, and the trial court asked the State to restate its question. The State asked Father, "Did Victim t[ell] you about the incident that happened between him and his uncle?" Cameron objected again on hearsay grounds, and the trial court ruled it would allow Victim's foster father to answer the question as to whether or not Victim told him anything but not what Victim said, stating, "It's a yes or no answer." Victim's foster father testified, "Yes." The State then asked, "And did he t[ell] you about where it happened?" He stated, "Yes," and Cameron objected, arguing Victim's foster father was testifying about what Victim

said. The trial court stated, "No, he's not. He's testifying as to the time and place which I believe [is] allowed . . . under the rules. You're not allowed to testify as to what he told you, other than time and place . . . as provided under our rules." Victim's foster father then testified Victim told him the incident happened at Flowers' home when he stayed there one summer.

Cameron presented an alibi defense, contending he could not have sexually assaulted Victim because he was in Rock Hill from June to August 2015. Specifically, he presented evidence he was in prison there from July 17, 2015, to September 28, 2015. He also presented the testimony of Shirley Milsaps, a member of a church he burglarized in Rock Hill, who testified Cameron performed community service at her church, her church paid for him to stay in a motel in Rock Hill, and she picked him up from the motel every day from March or April 2015 until he was incarcerated on July 17, 2015. Tony Lawson, an associate pastor at the church, stated from June to mid-July 2015, he saw Cameron at the church sporadically, but he could not say he saw Cameron every day. Michael Polson, the pastor of the church, testified he was at the church from July 5 to 9, 2015, and Cameron was also there. However, Polson admitted he took the week of the Fourth of July off from work and he also left on a mission trip for six days shortly thereafter. Cameron testified he never went to Turbeville that summer.

The jury found Cameron guilty. The trial court sentenced him to twenty-five years' imprisonment. This appeal follows.

## II.

"In criminal cases, the appellate court sits to review errors of law only." *State v. Johnson*, 413 S.C. 458, 466, 776 S.E.2d 367, 371 (2015). "The admission or exclusion of evidence rests in the sound discretion of the trial judge, and will not be reversed on appeal absent an abuse of discretion." *Id*. "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Id*. (quoting *State v. Jennings*, 394 S.C. 473, 477–78, 716 S.E.2d 91, 93 (2011)).

## III.

Cameron argues the trial court violated his due process rights and committed prejudicial error when it allowed the State to ask Victim's foster father if Victim told him "about the incident that happened between [Victim] and his uncle" because it "was no different than allowing the State to ask [Vicitm's foster father] whether the

Victim had identified [Cameron] as the person who sexually assaulted him," overstepping the law in South Carolina regarding such testimony. We disagree.

We find the trial court did not abuse its discretion in overruling Cameron's objection to the State's question. *See Johnson*, 413 S.C. at 466, 776 S.E.2d at 371 (defining abuse of discretion standard). Initially, we find Cameron failed to preserve the issue of whether this question bolstered Victim's testimony as Cameron only objected to the question on hearsay grounds. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."). Nonetheless, we find the question of whether Victim told his foster father about the alleged incident with Cameron and the "Yes" answer do not constitute bolstering as Victim's foster father gave no opinion as to Victim's credibility and he did not state whether he believed Victim's disclosure. *See Briggs v. State*, 421 S.C. 316, 324, 806 S.E.2d 713, 717 (2017) ("[T]he central point of the prohibition against improper bolstering [is that] a witness may not give an opinion for the purpose of conveying to the jury—directly or indirectly—that she believes the victim.").

Next, we find the trial court did not abuse its discretion in overruling Cameron's hearsay objection to the question because the trial court properly limited Victim's foster father's answer to whether Victim disclosed the alleged incident's time and place and such testimony is not hearsay. *See* Rule 801(d)(1), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony in a criminal sexual conduct case or attempted criminal sexual conduct case where the declarant is the alleged victim and the statement is limited to the time and place of the incident[.]"). We acknowledge that following Cameron's initial hearsay objection, the State should not have added the phrase "that happened between him and his uncle." *See Thompson v. State*, 423 S.C. 235, 241, 814 S.E.2d 487, 490 (2018) (providing Rule 801(d)(1), SCRE, "obviously limits corroborating testimony in [a CSC] case to the time and place of the assault(s); any other details or particulars, *including the perpetrator's identity*, must be excluded" (emphasis added)). However, the trial court adequately handled the situation by instructing Victim's foster father to only give a yes or no answer as to whether Victim told him anything and to not discuss anything Victim said.[1] Moreover, the trial court

---

[1] We note the trial court appears to have in effect sustained Cameron's objection to the State's rephrased question as it limited the answer Victim's foster father could provide. We also note Cameron did not make a motion to strike the State's question or request that the court give the jury a limiting instruction. Thus, we find Cameron

continued to properly limit Father's testimony regarding Victim's disclosure to the time and place of the incident under Rule 801(d)(1), SCRE. Thus, we find the trial court did not err in overruling Cameron's objection.

Nonetheless, even if the trial court erred in overruling Cameron's objection to the State's question, the error was harmless. *See Thompson*, 423 S.C. at 245–46, 814 S.E.2d at 492 ("[T]he bright-line rule [of presuming prejudice when trial counsel did not object to inadmissible hearsay testimony identifying the defendant as the perpetrator] should no longer control and . . . in a direct appeal, a harmless error analysis should be employed when reviewing the admission of hearsay testimony that improperly corroborates the victim's testimony in a sexual assault case."). The State's question to Victim's foster father regarding whether Victim disclosed the incident "between him and his uncle," did not prejudice Cameron or affect the outcome of his trial. Victim's foster father's testimony regarding the disclosure did not contain any details about the incident beyond where and when Victim told him it occurred; he did not say what Cameron allegedly did to Victim or opine that Victim's disclosure was genuine or credible. *Cf. Id.* at 240, 246–50, 814 S.E.2d at 489, 493–95 (finding petitioner was prejudiced by his trial counsel's failure to object to (1) a DSS case worker's testimony that the victim revealed the petitioner sexually abused her; (2) the expert forensic interviewer's testimony that the victim disclosed chronic abuse by the petitioner and the specific types of sexual abuse committed, and that the victim's disclosure was "the most compelling she had encountered in almost one thousand child interviews"; and (3) a detective's, who was also a trained forensic interviewer's, testimony that the victim's disclosures were consistent with her training and experience). Additionally, the other evidence in this case—specifically Victim's testimony that Cameron sexually abused him; evidence of Victim's consistent disclosures to both Flowers' son and his foster mother about the sexual abuse; and testimony from Flowers, Victim, and Flowers' son that Cameron was present at the Flowers' home at the time of the alleged sexual abuse, despite Cameron's assertion that he was in Rock Hill—make the State's question identifying

has waived and failed to preserve any argument the question should have been struck or that the jury should have been given a limiting instruction. *See State v. Martucci*, 380 S.C. 232, 259, 669 S.E.2d 598, 612–13 (Ct. App. 2008) ("Where a defendant objects and the objection is sustained but he does not move to strike the evidence, the issue is not preserved for appellate review."); *see also State v. Evans*, 316 S.C. 303, 307 n.1, 450 S.E.2d 47, 50 n.1 (1994) (finding that when the defendant "did not request [a limiting instruction] nor make the argument . . . that the failure to give a limiting instruction was error," the issue of whether a limiting instruction should have been given is waived).

Cameron as the alleged perpetrator in this case harmless. Thus, we find any error by the trial court in not overruling the question was harmless beyond a reasonable doubt. Accordingly, we affirm.

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.