**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jamal Devontae Coburn, Appellant.

Appellate Case No. 2020-001528

———————————

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-008
Submitted November 1, 2023 – Filed January 3, 2024

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————————

**PER CURIAM:** Jamal Devontae Coburn appeals his conviction for murder and sentence of thirty-five years' imprisonment. On appeal, Coburn argues the trial court erred in allowing the State to elicit testimony that Coburn was arrested in Arizona and to argue his arrest in Arizona was evidence of flight, and therefore a guilty conscience, because there was no nexus between the murder allegation and Coburn's subsequent travel to Arizona. We affirm pursuant to Rule 220(b), SCACR and the following authorities:

We hold the trial court did not abuse its discretion in admitting testimony that Coburn was arrested in Arizona and allowing the State to argue it to the jury because there was a sufficient nexus between the flight and the crime charged. *See State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001))); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Pagan*, 369 S.C. 201, 209, 631 S.E.2d 262, 266 (2006) ("Flight evidence is relevant when there is a nexus between the flight and the offense charged."). Coburn had knowledge he was being sought by police as a potential suspect for the shooting because police testified they told him he was a suspect and he and his car were under investigation. Further, evidence was presented that Coburn's cellphone browser history showed that on the night after the shooting, someone viewed an article that asked for the public's assistance in identifying anyone involved in the shooting. Finally, Coburn testified he "made sure" he took his ex-girlfriend's stuff to Arizona "before the situation got out of hand" once he was put on notice that police viewed him as a suspect in the crime. *See id.* ("The critical factor to the admissibility of evidence of flight is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by the authorities."); *id.* ("It is sufficient that circumstances justify an inference that the defendant's actions were motivated as a result of his belief that police officers were aware of his wrongdoing and were seeking him for that purpose."); *id.* at 208, 631 S.E.2d at 266 (holding if the State is able to establish such an inference, evidence of "[f]light from prosecution is admissible as [evidence of] guilt").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**